IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY V. RICE,

       Plaintiff,

vs.                                                                             Civ. No. 97-120 LH/WWD

UNITED STATES, et al.,

       Defendants

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Compel Answers to Interrogatories and to Compel Production of Documents, filed August 4, 1998 [56-1]. Plaintiff claims that Defendants' responses to discovery requests were non-responsive. Plaintiff is suing the Government for alleged illegal disclosure of tax return information.

*Interrogatories*

As part of his claim, Plaintiff alleges that government agents and employees learned of his sentencing hearing for a tax offense through information contained in Internal Revenue Service ("IRS") files, allegedly violating the anti-disclosure provisions of the IRS Code or the Privacy Act. See 26 U.S.C. § 6103(a); 5 U.S.C. § 522a(b). *Interrogatories #1, #2, #3, #4, #6, #7 and #8* in the first, second and third sets of interrogatories[1] seek information about the employees who attended the hearing.

The scope of discovery in federal courts is broad and is limited only by relevance and

---

[1] The interrogatories were sent to the United States Government, the Internal Revenue Service and the Department of Justice, so that numbers 6, 7 and 8 in each set refer to the different Defendants even though the text of the question is the same. See Exs. to Mot. to Compel.

burdensomeness.  See In re Westinghouse Elec. Corp. v. Adams, 570 F.2d 899, 902 (10th Cir. 1978); United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958).  A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.  Snowden et al, v. Connaught Lab., Inc., 137 F.R.D.325, 329 (D.Kan. 1991).  The possibility is tenuous at best.  Also, I find *sua sponte* that the scope of information encompassed in the requests is overreaching.  See United States v. West, 672 F.2d 796, 799 (10th Cir. 1982) (trial court has wide discretion concerning discovery matters).  Defendants need not respond to these requests.

Defendants' objections of irrelevancy are well-taken as to *Interrogatory #10* to the IRS and to the Department of Justice ("DOJ") (second and third sets of interrogatories), which asks about IRS policy in allowing employees to attending sentencing hearings; and *Interrogatory #11* to the IRS, which concerns level of authority for IRS group managers.  Defendants need not respond.

*Interrogatory #12* to IRS concerns the method used by IRS District Director Barela or IRS employees to notify other IRS employees about Plaintiff's sentencing hearings.  Because this request may lead to the discovery of admissible evidence on the core issue of Plaintiff's case, i.e., whether there was illegal disclosure of information from Plaintiff's tax files,  I overrule Defendants' relevancy objection.  See Centurion Indus. v. Warren Steurer & Assoc., 665 F.2d 323, 326 (10th Cir.1981) (relevancy is interpreted more broadly during discovery than at trial).  Defendants shall provide a full response to this request.  However, I sustain Defendants' objection of relevancy to *Interrogatory #12* to the DOJ regarding United States Attorney John

2

Kelly's attendance at Rice's trial or hearing.  The Government need not respond further to this interrogatory.[2]

*Requests for Production*

The Government's position in this case is that they were permitted to disclose information about Rice's criminal trial and sentencing in the KOB-TV interview because it is a matter of public record, regardless of whether this information is also contained as part of Rice's IRS file. However, at this stage in the litigation, whether notification about Rice's criminal trial and sentencing hearing was based on information available from public record or illegal disclosure of information from Rice's tax file is relevant to the underlying issues in the case.  All three Defendants shall therefore provide full responses to *Requests for Production A*, or shall state that no such documents exist.[3]  For similar reasons, the IRS and the DOJ shall also answer *Requests C* referring to interoffice documents.[4]  Defendants shall produce a log for any material for which they assert a claim of privilege.

I find that none of the Defendants need further answer *Requests for Production B* because they have already provided responsive material to the requests and also because the objection based on privilege (for the second and third sets) does apply.   Defendant IRS shall answer

*Request D*, which is similar to Request C.  Because Defendant DOJ is in the process of compiling

---

[2] As Defendants note in their brief, information regarding the source of John Kelly's information for the KOB-TV interview has already been provided as an attachment to Defendants' Motion for Summary Judgment.  See Lopez Decl. [docket #24].

[3] The IRS noted as such in their response to Request B.

[4] The first set of requests to the United States does not contain a Request C.

a response to its *Request D*, I make no ruling on its sufficiency.[5]  Now, Therefore,

    **IT IS ORDERED** that Plaintiff's Motion to Compel Answers to Interrogatories and to Compel Production of Documents [56-1] is hereby granted in part, as delineated above;

    **IT IS FURTHER ORDERED** that Defendants are to comply with the directives in this Order on or before <u>November 13, 1998</u>.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5]  Request D, propounded to both the IRS and the DOJ, are different.