# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JERRY V. RICE,

    Plaintiff,

vs.                                                        No. CIV 97-120 LH/WWD

UNITED STATES OF AMERICA,
the INTERNAL REVENUE SERVICE,
the DEPARTMENT OF THE TREASURY,
and the DEPARTMENT OF JUSTICE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion for Summary Judgment (Docket No. 22), filed April 23, 1998. The Court, having considered the pleadings submitted by the parties, and otherwise being fully advised, finds that the motion is well taken and will be **granted.**

### BACKGROUND

Plaintiff Jerry Rice was indicted on October 5, 1993, on charges of making false federal income tax refunds and making and subscribing false federal income tax returns. At the conclusion of the trial, Mr. Rice was convicted on two felony counts of filing false claims for federal tax refunds and on three felony counts of making and subscribing false federal tax returns. Mr. Rice was sentenced on June 13, 1994, to thirty months imprisonment on each of the five counts on which he was convicted, and fined $20,000 plus special assessments totaling $250.

On February 2, 1995, John J. Kelly, United States Attorney for the District of New Mexico, appeared in a short television interview where he made references to the Plaintiff's convictions for violations of federal tax law. Plaintiff asserts in his First Amended Complaint that these references were a violation of 26 U.S.C. § 6103. (*See* 1st Am. Compl. ¶ 1.) According to Plaintiff's Complaint, Mr. Kelly's statements give rise to a claim under 26 U.S.C. § 7431, a claim under 5 U.S.C. § 552a (b), and claims under the Federal Tort Claims Act for the alleged New Mexico torts of negligent supervision, breach of a confidential relationship, invasion of privacy, *prima facie* tort, negligence *per se* and intentional infliction of emotional distress (*See* 1st Am. Compl. ¶¶ 5, 6, 13, 15.)

Plaintiff further asserts that Laura Criel, an Internal Revenue Service press officer, violated the same laws when she issued a press release concerning the conviction and sentencing of Plaintiff (*See* 1st Am. Compl. ¶¶ 9, 13 and 15.) Ms. Criel was a named defendant in a previous proceeding brought by Plaintiff based on the same facts contained in the instant Complaint. See *Rice v. United States of America, et al.*, Docket No. CIV 96-0078 JC/LCS. Summary judgment in favor of the defendants, including Ms. Criel, was granted by Chief District Judge Conway on July 2, 1997. Judge Conway's grant of summary judgment was recently upheld by the Tenth Circuit Court of Appeals. *See Rice v. United States,* 166 F.3d 1088 (10th Cir. 1999).

Plaintiff also claims that Bernard Barela, former Director of the IRS Albuquerque District, committed violations of the same laws when he allegedly informed some one hundred IRS employees of Plaintiff's convictions, and also allegedly ordered those employees to attend Mr. Rice's sentencing hearing (*See* 1st Am. Compl. ¶¶ 2, 5, 6, 13 and 15.) Finally, Plaintiff complains that Vanessa Gonzales, an IRS employee, violated the same laws when she allegedly illegally disclosed Mr. Rice's tax return information to an employee of Rice & Associates, Inc. (*See* 1st Am. Compl. ¶ 10.)

In his Complaint, Mr. Rice claimed these government officials released his tax return information in violation of various federal statutes and New Mexico law. Seeking damages, Mr. Rice brought this action against the United States of America, the Department of the Treasury, the Internal Revenue Service, and the Department of Justice. Defendants now move for summary judgment on all of the claims brought by Mr. Rice.

## ANALYSIS

### I. Legal Standard for Summary Judgment

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The Federal Rules of Civil Procedure provide that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-23 (1986). Once the movant has made such a showing, the adverse party "may not rest upon the mere allegations or denials of [their] pleading[s], [they] must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

In reviewing a motion for summary judgment, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir. 1995), even when it is produced by the moving party." *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995). "Summary judgment is only appropriate if 'there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "Thus, to defeat a summary judgment motion, the non-movant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id.* (citing

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250 (citations omitted).

## II. Defendants' Motion for Summary Judgment

### A. Violation of 26 U.S.C. § 6103

Title 26 United States Code Section 6103 prohibits the disclosure, except in circumstances not applicable to this case, of tax return information either knowingly or negligently by an official or employee of the United States government. Title 26 United States Code Section 7431 allows a taxpayer to bring suit against the United States for civil damages for violation of Section 6103 of the Internal Revenue Code.

Defendants argue that they are not liable under Section 7431 because the information disclosed by their employees was not gathered from Internal Revenue Service files. Instead, Defendants contend that the source of the information was public court proceedings in which Mr. Rice was convicted and sentenced for tax violations. Thus, the Defendants argue that the information disclosed by the government officials was not confidential "return information," and therefore, not protected by Section 6103.

In light of the very recent Court of Appeals decision resolving this precise issue, I find the Defendants' argument persuasive. *Rice v. United States, et al.* involved this very Plaintiff and some of the same Defendants named in the instant suit (166 F.3d 1088 (10th Cir.1999)). In that case, Mr. Rice argued, as he does presently, that disclosure of information, regardless of its source, about a taxpayer's criminal tax conviction necessarily constitutes a violation of Section 6103. However, the Tenth Circuit Court of Appeals rejected that argument, and held that "[i]f, as the government claims,

the two press releases were based solely on public documents and proceedings . . . then Rice's assertion that the government violated [Section] 6103 by issuing the press releases must fail." *Id.* at 1091.

Under Federal Rule of Civil Procedure 56, the United States, as movant, bears the initial burden of presenting evidence to show the absence of a genuine issue of material fact as to the source of the information contained in the television interview, any internal discussion Mr. Barela may have had with other Internal Revenue Service employees, the press releases issued by Ms. Criel, and any discussion Ms. Gonzales may have had with Mr. Rice's employees. The burden then shifts to Mr. Rice to present evidence showing that a genuine issue of material fact exists as to the source of the information. To meet his burden, Plaintiff must set forth evidence sufficient for a reasonable jury to return a verdict in his favor. *Hom v. Squire*, 81 F.3d 969, 973-74 (10th Cir. 1996). Further, to support a jury verdict, evidence must be more than speculation or belief. *Brown v. Reardon*, 770 F.2d 896, 904 (10th Cir. 1985).

This Court recognizes the fact that Mr. Rice is *pro se*, and hence, this Court has been diligent in construing his pleadings liberally. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a "court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Id.*, (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Therefore, it is vital to Plaintiff's claim that he produce some sort of evidence that surpasses the "vague and conclusory allegations" standard set forth in *Northington*.

Along with the summary judgment motion, Defendants filed declarations of certain government employees affirming the government's assertion that no IRS files pertaining to Mr. Rice were used to gather information for any of the disclosures (Docket Nos. 24, 25, 26, 27.) Plaintiff

countered with no relevant evidence to show that the information disclosed had his IRS file as its "immediate source." Plaintiff has put forth only his own declaration that he had overheard a conversation between two IRS employees discussing Mr. Barela's order that they and others attend Mr. Rice's sentencing hearing (Docket No. 45 at 9). Even if it is assumed to be the absolute truth, Mr. Rice's declaration sheds no doubt whatsoever on the claims of the government employees that the disclosed information came from public files and the notes taken at Mr. Rice's criminal proceedings by Ms. Criel. Thus, this Court finds that there is no dispute that the source of the information was the public hearing and public documents, not Mr. Rice's tax returns.

There is no rebuttal to the Government's assertion that the source of the information was public record. Any information disclosed by a government official that has its source in the public record cannot be "return information" for purposes of a Section 6103 claim. *Rice*, 166 F.3d 1088 (10th Cir. 1999). Defendants are, therefore, entitled to summary judgment on all of the Section 6103 claims.

### B. Violation of the Privacy Act, 5 U.S.C. § 552a

Plaintiff alleges that the same actions, described above, by the same government officials also constituted a violation of the Privacy Act, 5 U.S.C. § 552a. Defendants, on the other hand, argue that the Privacy Act was not violated because no federal agency file was used to gather the disclosed information, and the Tenth Circuit has held that information which does not have as its source a federal agency file enjoys no Privacy Act protection. See *Winters v. Bd. of County Comm'rs*, 4 F.3d 848, 852 (10th Cir. 1993); *Kline v. Dept. of H.H.S.*, 927 F.2d 522, 524 (10th Cir. 1991); *Thomas v. Dept. of Energy*, 719 F.2d 342, 345 (10th Cir. 1983).

Although Defendants offer separate alternative defenses as well, it is not necessary for this Court to analyze their respective merits. As already discussed, Plaintiff has not presented a scintilla of evidence to rebut the Government's assertion that the disclosed information was not retrieved from an IRS file, or, for that matter, *any* federal agency file. As such, Plaintiff's Privacy Act claim must be dismissed.

**C. Violations of the Federal Tort Claims Act, 28 U.S.C. § 1346 (b)**

The United States, as well as all of its departments and bureaus, are entitled to sovereign immunity unless the United States has consented to suit. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941). The Federal Tort Claims Act (FTCA) is a waiver to this immunity when, in specific instances, a government employee, while acting within the scope of his office or employment, commits a negligent or wrongful act or omission, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346 (b).

Plaintiff claims that the alleged violations by the federal employees make the Defendants liable for the following torts under New Mexico law: negligent supervision, breach of a confidential relationship, invasion of privacy, *prima facie* tort, negligence *per se* and intentional infliction of emotional distress. Thus, Plaintiff argues that this Court has federal question jurisdiction to entertain the instant FTCA civil action. See 28 U.S.C. § 1346 (b).

This Court finds it necessary to dismiss Plaintiff's FTCA claims arising from the New Mexico torts of negligent supervision, breach of a confidential relationship, invasion of privacy, and intentional infliction of emotional distress because Plaintiff has not, in any way, rebutted the Government's assertion that public records were the source of the information used by its employees.

In failing to do so, Plaintiff has not "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56 (e). As discussed above, Plaintiff, having had every opportunity to do so, has not offered any relevant evidence that suggests that he could prove to a reasonable jury that the government employees committed any underlying wrong. Once again, this showing is necessary for the Plaintiff to meet his summary judgment burden and continue his case. *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264 (10th Cir. 1996). Moreover, Plaintiff has not shown the Court how New Mexico tort law provides any protection against the alleged wrongs of the federal government employees, even if those wrongs could be proven. If Plaintiff cannot prove any of the violations of New Mexico law or cannot show that a remedy can be found in New Mexico tort law, Plaintiff necessarily cannot show a negligent or wrongful action on which to base his FTCA claim. Absent a showing of a New Mexico-recognized negligent or wrongful act on the part of a government employee, Plaintiff's claim against the Defendants is inherently not actionable under the FTCA.

In his Response, Plaintiff alleges this Court cannot dismiss his federal tort claims arising out of *prima facie* tort as recognized by New Mexico. Plaintiff bases this assertion on the fact that *prima facie* tort was not specifically addressed by Defendants in their main brief in support of their summary judgment motion. The FTCA claims against Bernard Barela, as described in paragraphs 2 through 7 of the First Amended Complaint, and the FTCA claims against Vanessa Gonzales, as described in paragraph 10, have already been dismissed by this Court in its Order of June 4, 1998. Plaintiff's remaining *prima facie* tort claims against the other federal officials, if any, must also be dismissed even though they were not addressed by the Defendants in their brief.

Title 28 United States Code Section 2675 (a) limits actions that may be instituted against the United States under the FTCA to those where the plaintiff first presents the claim the appropriate

federal agency for consideration. *Moya v. United States*, 35 F.3d 501, 503 (10th Cir. 1994). This Court lacks jurisdiction to hear any actions that do not meet this requirement. *Hart v. Dept. of Labor*, 116 F.3d 1338, 1339 (10th Cir. 1997). As such, this requirement cannot be waived by any court. *Id.* Nowhere in Plaintiff's administrative claim, does he allege, either explicitly or implicitly, any facts that could constitute the elements that comprise prima facie tort. *See* 3d Salem Decl. Ex. E. Consequently, the federal agencies were not given sufficient notice of a claim of prima facie tort, and therefore Plaintiff's prima facie tort claim cannot be adjudicated by any court. *Industrial Constructors Corp. v. Bureau of Reclamation*, 15 F.3d 963 (10th Cir. 1994). Because Plaintiff has failed to exhaust his administrative remedies, this Court simply lacks jurisdiction to hear this claim.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Summary Judgment (Docket No. 22), filed April 23, 1998, is **granted**,

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint is **dismissed** with prejudice.

---
**UNITED STATES DISTRICT JUDGE**